UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| A/S DAN-BUNKERING LTD., | * | |
| | | CIVIL ACTION NO. 13-CV-00150 |
| Plaintiff | * | |
| v. | | JUDGE_____ |
| | * | |
| CSC PHOENIX CO., LTD. | | MAG. JUDGE _____ |
| | * | |
| Defendant. | | IN ADMIRALTY |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORIGINAL VERIFIED COMPLAINT

Plaintiff, A/S DAN-BUNKERING LTD., (hereinafter "DAN-BUNKERING" or "Plaintiff"), by its undersigned counsel, as and for its Verified Complaint against the Defendant CSC PHOENIX CO., LTD. (hereinafter "CSC PHOENIX" or "Defendant"), avers and pleads as follows:

### I. JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. At all times material hereto Plaintiff, DAN-BUNKERING, was and still is a foreign corporation engaged in the business of providing maritime necessaries to ships, namely

1

bunkers. DAN-BUNKERING maintains its registered office at Strandvejen 5, 5500 Middelfart, Denmark.

3. At all times material hereto, Defendant, CSC PHOENIX, was and still is a foreign business entity with an office address of Hujiang Building, 39, Minquan Lu, Jianghan Qu, Wuhan, Hubei, 430021, China. CSC PHOENIX is the registered owner and operator of the following bulk carriers: M/V CHANG HANG HUI HAI, IMO Number 9436109 and M/V CHANG HANG HAO HAI, IMO Number 9628219. *True and accurate copies of Equasis reports confirming Defendant CSC PHOENIX'S ownership and operation of the M/V CHANG HANG HUI HAI and M/V CHANG HANG HAO HAI are attached hereto as **Exhibit 1**.*

4. The Jurisdiction of this Honorable Court is founded on the presence within the District of property belonging to the Defendant, *i.e.* M/V CHANG HANG HAO HAI, IMO Number 9628219, which is currently located within the Port of New Orleans and may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, as pled in Section III of this Verified Complaint.

## II. THE SUBSTANTIVE CLAIMS

5. DAN-BUNKERING was the supplier of bunkers to the M/V CHANG HANG HUI HAI pursuant to a maritime contract and brings this action in order to recover amounts indisputably due and owing by Defendant.

6. On or about October 30, 2012, Plaintiff, DAN-BUNKERING entered into an agreement with CSC Phoenix (HK) Investment & Development Co., Ltd., on behalf of the M/V CHANG HANG HUI HAI, and/or its master, and/or owners, and/or charterers, and/or managers, and/or operators, to provide 800 metric tons of bunker fuel oil (at a rate of USD 631.00 per mt of

2

Fo-380 cSt) and 30 metric tons of gas-oil (at a rate of USD 948.00 per mt) for delivery to the M/V CHANG HANG HUI HAI at the foreign port of Hong Kong. *A true and accurate copy of DAN-BUNKERING's bunker Order Confirmation evidencing this agreement is attached hereto as "**Exhibit 2**.*

7. The Bunker Order Confirmation expressly states that this agreement is subject to DAN-BUNKERING's General Terms and Conditions of March 2010 (hereinafter "Terms and Conditions"). *A true and accurate copy of DAN-BUNKERING's General Terms and Conditions of March 2010 are attached hereto as **Exhibit 3**.*

8. Section 3.1 of the Terms and Conditions, states that: "The Bunker Confirmation shall incorporate the General Terms by reference and the Bunker Confirmation and the General Terms together constitute the complete Bunker Contract."

9. At all times relevant hereto and upon information and belief, CSC Phoenix (HK) Investment & Development Co., Ltd., was authorized to act on behalf of and for CSC PHOENIX, and to bind Defendant, as registered owner and operator of the M/V CHANG HANG HUI HAI, to the Bunker Contract.

10. In addition, pursuant to Section 2.1 of the Terms and Conditions, the Buyer of the bunker fuel is defined as follows:

> *Buyer:*  means the Buyer under each Bunker Contract, including the entity or entities named in the Bunker Confirmation, together with the Vessel, her master, owners, operators, charterers, any party benefitting from consuming the Bunker Oil, and any other party ordering the Bunker Oil, all of whom shall be jointly and severally liable as Buyer under each Bunker Contract

Accordingly, CSC PHONEIX, as owner and operator of the M/V CHANG HANG HUI HAI, is jointly and severally liable to Plaintiff for payment of the bunker fuel delivered to the vessel

3

under the Bunker Contract.

11. The Bunker Contract between DAN-BUNKERING and CSC PHOENIX for the delivery of bunker fuel to the M/V CHANG HANG HUI HAI is a maritime contract.

12. On November 3, 2012, DAN-BUNKERING, in accordance with the Bunker Contract, duly delivered 785.00 metric tons of Fo-380 cSt bunker fuel and 29.00 metric tons of gas-oil, as set out in the bunker delivery receipts (*attached hereto as "Exhibit 4"*), to the M/V CHANG HANG HUI HAI at the said foreign port of Hong Kong. The Bunker Delivery Receipts bear the signature of the Chief Engineer and Seal of the M/V CHANG HANG HUI HAI. *See* Exhibit 4.

13. By signing the bunker delivery receipts, the Chief Engineer acted on behalf of the Vessel and her owner/operator, CSC PHOENIX, to procure bunkers, and thereby accepted them on the owner's/operator's behalf.

14. The said bunkers delivered to the M/V CHANG HANG HUI HAI were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship. CSC PHOENIX, as owner and operator of the M/V CHANG HANG HUI HAI, received the benefit of such services and is indebted to Plaintiff, DAN-BUNKERING, and obligated to pay for the aforementioned goods and services by virtue of the Bunker Contract.

15. On November 19, 2012, Plaintiff, having performed all conditions precedent to warrant full and complete payment for the aforementioned services, issued an Invoice No.209929 to M/V CHANG HANG HUI HAI and/or its master, and/or owners, and/or charterers, and/or managers, and/or operators, for the principal sum of USD 524,627. The invoice specified the payment due date of December 03, 2012 with the contractual interest rate for late payment of 1.5% per month. *A true and accurate copy of this Invoice is attached hereto*

*as "**Exhibit 5**."*

16. Pursuant to Section 7.6 of the Terms and Conditions, Buyer is required to pay interest at the rate stated in the Invoice. *See* Exhibit 3 at pg. 4.

17. In breach of the Bunker Contract and despite repeated demands for payment by Plaintiff, Defendant has wrongfully failed, neglected or otherwise refused to pay the outstanding principal of USD 524,627 due on December 3, 2012. At this time, Plaintiff is entitled to outstanding interest on the unpaid Invoice in the amount of USD 14,164.

18. Under Section 15 of the Terms and Conditions, defendant CSC PHOENIX, as Buyer, agreed to be held liable for all legal fees, costs and any expenses incurred by the Seller in connection with the recovery of any amount that is due to Plaintiff. *See* Exhibit 3 at pg. 7.

19. Pursuant to the Terms and Conditions of the Bunker Contract, disputes between the parties are to be submitted to arbitration in Denmark with Danish law to apply. *See* Exhibit 3 at Sections 16.1 and 16.3.

20. This action is an ancillary proceeding, brought in order to obtain jurisdiction over Defendant CSC PHOENIX and to obtain security for Plaintiff's claims in aid of the forthcoming Danish Arbitration proceeding.

21. Payment of all sums has been duly demanded by Plaintiff from Defendant, as owner and operator of the M/V CHANG HANG HUI HAI, but the outstanding principal amount of USD 524,627 and applicable interest of USD 14,164 remain unpaid. As best as can now be estimated, Plaintiff DAN-BUNKERING expects to recover the following amounts in Danish Arbitration:

    A. Principal Claim: $ 538,791.00

    B. Estimated interest on Principal Claim: $ 105,397.31

*3 years at 6.0% compounded quarterly*

  C. Estimated legal fees:          $ 150,000.00

  D. **TOTAL:**               $ 794,188.31

22. Therefore, DAN-BUNKERING's total claim for breach of the maritime contract against Defendant CSC PHOENIX is **USD 794,188.31**.

### III. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

23. The Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims of the Federal Rules of Civil Procedure. *See Attorney Declaration of George A. Gaitas attached hereto as **Exhibit 6**.*

24. Notwithstanding, Defendant is believed to have within the District tangible personal property comprised of the M/V CHANG HANG HAO HAI, IMO Number 9628219, which is subject to attachment as security for Plaintiff's maritime claims.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays as follows:

  A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against Defendant and said Defendant be cited to appear and answer the allegations of this Complaint;

  B. That if Defendant cannot be found within this district, then all of its respective property within this district, specifically the M/V CHANG HANG HAO HAI, IMO Number 9628219, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

    C.    That a judgment be entered in favor of Plaintiff and against the Defendant in the sum of **USD 794,188.31** together with interest, costs, attorney fees, and disbursements for this action and the proceeds of the asset(s) attached be applied in satisfaction thereof;

    D.    That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

    Respectfully Submitted,

Date: January 28, 2013  
      Houston, TX

CHALOS & CO, P.C.

By: /s/George A. Gaitas  
George A. Gaitas  
Louisiana State Bar No.05879  
Federal Bar No. 705176  
7210 Tickner Street  
Houston, Texas 77055  
Telephone: 713-936-2427  
Facsimile: 713-782-5274  
Email: gaitas@chaloslaw.com

George M. Chalos (GC-8693)  
(*pro hac vice application forthcoming*)  
CHALOS & CO, P.C.  
55 Hamilton Avenue  
Oyster Bay, NY 11771  
Telephone: (516) 714-4300  
Facsimile: (516) 750-9051  
Email: gmc@chaloslaw.com

*Attorneys for Plaintiff*  
A/S DAN-BUNKERING LTD.

OF COUNSEL  
James H. Roussel, La. Bar No. 11496  
Laurie D. Clark, La. Bar No. 22304  
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC  
201 St. Charles Avenue, Suite 3600  
New Orleans, LA 70170-3600  
Telephone: 504-566-5200  
Facsimile: 504-636-3912  
E-Mail: jroussel@bakerdonelson.com  
       ldclark@bakerdonelson.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| A/S DAN-BUNKERING LTD., | * | |
| | * | CIVIL ACTION NO. 13-CV- |
| Plaintiff | * | |
| v. | * | JUDGE_____ |
| | * | |
| CSC PHOENIX CO., LTD. | * | MAG. JUDGE_____ |
| | * | |
| Defendant. | * | IN ADMIRALTY |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, I, Soren Pedersen, declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am a representative of A/S Dan-Bunkering Ltd., and authorized to act on the company's behalf.

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

///

///

///

Date:   January 27, 2013
        Shanghai, China

Respectfully Submitted,

By: _____
    Soren Pedersen
    Representative of
    A/S DAN- BUNKERING LTD.